**E. H. JUDD, Appellant,**

v.

**AMERICAN HOME ASSURANCE COM-
PANY, Appellee.**

No. 3271.

Court of Civil Appeals of Texas.

Eastland.

Dec. 7, 1956.

Storey, Storey & Donaghey, Vernon, for appellant.

Jack C. Burroughs, Dallas, for appellee.

LONG, Justice.

On the 8th day of April, 1955, American Home Assurance Company issued two hail insurance policies in favor of E. H. Judd covering certain land in Wilbarger County, Texas. Judd executed his note for the premiums on said policies in the sum of $631.35, payable in Dallas, Texas, on or before July 15, 1955. On September 22, 1955, Judd filed suit in the District Court of Wilbarger County to recover on the two policies of insurance. The insurance company removed the case to the U. S. District Court at Wichita Falls, Texas. Thereafter the insurance company filed suit in the 116th District Court of Dallas County against Judd to recover on the note executed by him for the premiums, for $46.50 expended by the company in investigating an alleged fictitious claim under the terms of one of the policies and for cancellation of the policies. Citation was duly served on Judd but he failed to appear and answer and, approximately 30 days after return day, a default judgment was taken against him. After the term of court at which said judgment was rendered Judd filed a sworn petition for a bill of review, seeking to set aside said judgment. As grounds therefor Judd alleged that the attorney for the insurance company agreed

to dismiss the Dallas County suit and in reliance upon said agreement he failed to file an answer. The insurance company moved for a summary judgment on the ground that there was no issue of fact existing in the case. It attached thereto an affidavit of its attorney to the effect that there was no agreement by the attorney for the company to dismiss the case. The court granted the summary judgment and dismissed the petition for a bill of review. Judd has appealed.

 As a basis for his contention that the attorney for the insurance company agreed to dismiss the Dallas County case Judd alleged that on November 2, 1955, the attorneys for Judd wrote the attorney for the insurance company the following letter:

"Mr. Jackson C. Burroughs
916 Mercantile Bank Building
Dallas, Texas

"Dear Mr Burroughs:

In re: American Home Assurance Co.
vs. E. H. Judd
No. 4161–F Dallas District Court.

"Mr. Judd has referred to us plaintiff's petition in the above styled suit which was served on him the 26th of October, which suit was filed on the 11th of October.

"It is our opinion that this suit is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure [28 U.S.C.A.] and under Rule 97(a) of the Texas Rules of Civil Procedure in that the same arises out of the transactions of the suit that E. H. Judd filed against the American Home Assurance Company, which was removed to the Federal Court in Wichita Falls by the order of the court dated October 10, 1955 and which action has been designated as Civil Action No. 951 in the Federal District Court.

"We have not yet filed an answer to the action numbered 4161–F in the Dallas District Court and this letter is prompted by the hope that you will concur in our conclusion as pointed out above and will dismiss this suit in the Dallas District Court and avoid the extra expense and trouble to your client which would follow if we filed an answer and a plea in abatement. We certainly would have no objection to your introducing your counterclaim in Civil Action No. 951 even as late as the pre-trial hearing set for November 11th.

"Please consider these suggestions at your earliest convenience and let us know your reaction thereto.

"In connection with your motion to consolidate Civil Actions 950 and 951 in the Federal Court, we are still considering the same, but at the present time we see no reason why we should object to the consolidation.

"Very truly yours,
Storey, Storey & Donaghey
BY:

"NS:vm
cc: Clyde Fillmore
Jones, Parrish & Fillmore
Oil & Gas Bldg.
Wichita Falls, Texas"

Judd further alleged that thereafter on November 9, 1955, his attorney received a copy of the following letter written by the attorney for the insurance company to his co-counsel at Wichita Falls:

"Mr. Clyde Fillmore
Attorney at Law
c/o Jones, Parish & Fillmore
Oil and Gas Building
Wichita Falls, Texas

"Dear Sir: Re: E. H. Judd vs. American
 Home Assurance Company

"Enclosed herewith please find the defendant's First Amended Original Answer and Cross-Action. I suggest that you file this instrument immediately.

"You have a copy of the letter from Mr. Storey referring to the Cross-Action, and I am inclined to agree with him, hence, the filing of the Cross-Action in this case.

"I have made arrangements to arrive in Wichita Falls at six or seven o'clock p. m. Thursday and will be staying at the Kemp Hotel. I will be in touch with you Friday morning.

"Very truly yours,
Jackson C. Burroughs

"JCB/nb
encl.
cc: Storey, Storey & Donaghey
Attorneys at Law
Vernon, Texas"

Judd further alleged in his petition for bill of review that on November 11, 1955, the attorneys for Judd and the insurance company were in Wichita Falls, Texas, attending a pretrial hearing in the Federal Court; that during a recess and over a cup of coffee one of the attorneys for Judd asked the attorney for the insurance company if he was going to dismiss the case then pending in the District Court in Dallas County and that the attorney passed the inquiry off in a manner that definitely left the impression with the attorney for Judd that he was going to do so. The trial court found that there was no agreement between the parties that the Dallas County case would be dismissed and that there was no genuine issue of fact existing in the case. We believe the action of the trial court in granting the summary judgment was correct. From a reading of the letters relied upon by Judd to show an agreement by the attorney for the insurance company to dismiss the Dallas case it clearly appears that there was no such agreement contained in the letters. To further fortify our holding in this matter it is clear to us that the attorneys for Judd did not so construe the letters. A few days after these attorneys received a copy of the letter from Mr. Burroughs to Mr. Fillmore the attorney for Judd asked Mr. Burroughs if he was going to dismiss the Dallas County suit. Furthermore the conversation as alleged which occurred over a cup of coffee in Wichita Falls is not admissible in evidence. Rule 166–A(e), Texas Rules of Civil Procedure, provides that supporting and opposing affidavits shall set forth such facts as would be admissible in evidence. The statement by the attorney for Judd that the attorney for the insurance company when asked if he was going to dismiss the Dallas suit "passed off the inquiry in a manner that definitely left the impression with the

attorney that he was going to do so" is not admissible in evidence and could not form the basis of a finding that an agreement was made by the attorney for the insurance company that he would dismiss the case. An affidavit based upon conclusions and matters that are not admissible in evidence are insufficient to overrule a motion for summary judgment. Westfall v. Lorenzo Gin Company, Tex.Civ.App., 287 S.W.2d 551; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832 (Writ Ref.). It is the settled law of this state that when the court, upon consideration of the affidavits and other proof offered, determines that there are no disputed facts a summary judgment should be granted. Clark v. Barr, Tex.Civ.App., 239 S.W.2d 114; Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885; Drake v. First Nat. Bank, Mercedes, Tex.Civ.App., 254 S.W.2d 230. We have considered all points of error presented by appellant and find no merit in any of them.

The judgment of the trial court is affirmed.