**Herbert COFFMAN, Appellant,**

v.

**E. S. HEDRICK, Appellee.**

**No. 15392.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 30, 1968.

Rehearing Denied Jan. 30, 1969.

Herbert Coffman, pro se.

Fulbright, Crooker, Freeman, Bates & Jaworski, Gary B. Webb, Harry L. Tindall, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment rendered against appellant who brought a malpractice suit against appellee who is a chiropractor. The court rendered judgment for the defendant because it was of the view that the negligence alleged, except for the acts alleged to have occurred April 13, 1963, occurred more than two years before suit was filed and any cause of action that might have existed prior to that date was barred by the two year statute of limitation. As to the acts alleged to have occurred on April 13, 1963, appellant stipulated he could make no proof.

Appellant's original petition was filed April 13, 1965. It alleged that on April 13, 1963, appellant was treated by appellee and appellee diagnosed his condition erroneously and that due to such erroneous diagnosis appellant suffered "injuries and damages" in the amount of $15,000.00. This petition was timely answered by appellee and issue was thus joined.

Thereafter, on November 22, 1966, appellant filed his First Amended Original Petition. In it he alleged that sometime prior to the year 1963 he had been under treatment by appellee for some injuries he had received. It is then alleged that in January 1963 he was injured in an automobile collision and went to appellee for treatment and that treatment began on or about January 27 and continued until the last treatment on April 13, 1963. There then are very general allegations that in making diagnosis and in prescribing and administering treatment appellee was negligent and that this negligence caused appellant to suffer severe and aggravating injuries to his back and damage to his arms, head and entire body.

On May 31, 1967, appellee filed a motion for partial summary judgment the effect of which was to assert that on a basis of appellant's amended petition the acts of negligence occurring before April 13, 1963, which at the time of their commission gave rise to a cause of action, could not be the basis of recovery because barred by the two year statute of limitation.

On September 11, 1967, this motion was granted and appellant was limited in his proof as to such acts as occurred on or after April 13, 1963.

On April 17, 1968, the trial court rendered final judgment that appellant take nothing. The judgment recited the rendering of the partial summary judgment limiting appellant's proof to acts committed on or after April 13, 1963 and recited further that appellant by and through his attorney appeared and stipulated he could not make proof of acts or omissions or negligence limited to April 13, 1963 or thereafter. Because of this judicially admitted inability to make proof and the court's holding that recovery for acts committed prior to such date was barred by the two year statute of

**62**

limitation, this take nothing judgment was rendered.

We affirm.

 Article 5526, Vernon's Ann.Civ.St., in so far as is here material, reads as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"6. Action for injury done to the person of another."

Under the allegations of appellant's petition each act of negligence would constitute a wrongful invasion of appellant's person causing some injury to him. A cause of action thus occurred at the time the wrongful act was committed causing injury however slight. Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36; Tennessee Gas Transmission Company v. Fromme, 153 Tex. 352, 269 S.W.2d 336.

Our Supreme Court in Gaddis v. Smith, 417 S.W.2d 577, in a malpractice suit against a physician for having left a surgical sponge in a patient's body, held that the statute of limitation would not begin to run until the patient discovered the presence of the foreign object or in the exercise of reasonable care and diligence should have discovered its presence. In so holding the Court overruled the cases of Carrell et al. v. Denton, 138 Tex. 145, 157 S.W.2d 878 (Tex.Com.App.) Opinion adopted, and Stewart v. Janes, 393 S.W.2d 428 (Tex. Civ.App.) writ ref. These two cases also involved the leaving of a foreign object in the body. In overruling these cases and in adopting what is known as the "discovery rule" the Court stated that it should be noted the holding made was limited to causes of action in which a physician leaves a foreign object in the body of his patient.

Appellant by his one point of error asserts that the trial court should have considered the period of treatment as a whole and allowed the proof of any act of negligence occurring during the period of treatment since he filed suit within two years after the last treatment. He in effect concedes that under the discovery rule as announced and limited in Gaddis v. Smith he would be unable to avoid the bar of limitation.

No useful purpose would be served in discussing the various theories advanced under argument in appellant's brief as a means of avoiding limitation. They are discussed in Gaddis v. Smith and in a comment in 46 Texas Law Review 119.

 We hold that in a malpractice suit, other than one involving the leaving of a foreign object in the body, the cause of action arises as to each act of negligence when it is committed causing injury to the person, however slight the injury.

Affirmed.