Kenneth H. STONE et ux., Appellants,

v.

Robert J. MORRIS, D.S.C., Appellee.
No. 17281.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 11, 1972.

Rehearing Denied March 10, 1972.

Vecchio & Vecchio and James S. Vecchio, Arlington, for appellants.

Brown, Crowley, Simon & Peebles and Richard U. Simon, Jr., Forth Worth, for appellee.

OPINION

LANGDON, Justice.

This is a medical malpractice suit against appellee, Robert J. Morris, D.S.C., whose motion for summary judgment was granted by the Court. The appeal is from such summary judgment and is based upon a single point of error.

We affirm.

■ In our opinion the trial court was correct in holding that appellants' cause of action was barred by the two year statute of limitations (Art. 5526, Vernon's Ann. Civ.St.) because the alleged cause of action accrued on January 11, 1968, and the suit was filed on May 13, 1970.

Appellants allege that appellee, a podiatrist, performed foot surgery on appellant, Kenneth H. Stone, to remove heel spurs on both feet on or about January 11, 1968, and that the appellee carelessly, unskillfully and negligently performed said operation and destroyed the nerve or nerves controlling the function and feeling of plaintiff's feet and toes, resulting in a loss of use of the feet and continuous pain in the legs.

Appellee Morris filed a Motion for Summary Judgment, alleging that the malpractice action against him was barred by the two year statute of limitations, Art. 5526, V.A.C.S. The appellants filed no affidavits or replies to such motion. On appeal the appellants are contending that their pleadings, to the effect that appellee fraudulently concealed the fact that he had damaged the nerves of plaintiff's feet, were sufficient to raise a fact issue and therefore toll the running of the statute.

In considering the Motion for Summary Judgment, the trial court was only able to consider the appellants' First Amended Petition and the appellee's Answer and Motion for Summary Judgment. Dealy v. Shepherd, 54 Tex.Civ.App. 80, 116 S.W. 638 (Tex.Civ.App., 1909, ref.).

■ The case of Coffman v. Hedrick, 437 S.W.2d 60 (Houston Tex.Civ.App., 1st Dist., 1968, ref., n. r. e.), involved an action for medical malpractice based upon negligence in making an erroneous diagnosis and in prescribing and administering treatment. There, as here, it was undisputed that the suit was not filed for more than two years after the alleged cause of action arose. The court, in refusing to rule that limitations did not begin to run until the period of treatment was terminated, said: "We hold that in a malpractice suit,

other than one involving the leaving of a foreign object in the body, the cause of action arises as to each act of negligence when it is committed causing injury to the person, however slight the injury."

The two cases cited by appellants each involved a cause of action in which the physician left a foreign object in the patient's body. Gaddis v. Smith, ·417 S.W. 2d 577 (Tex.Sup., 1967) and Thompson v. Barnard, 142 S.W.2d 238 (Waco Tex.Civ. App., 1940, affirmed 133 Tex. 277, 158 S. W.2d 486, 1942).

Appellants' point of error is overruled. The judgment of the trial court is affirmed.