Geneva **NICHOLS** et vir, Appellants,

v.

Dr. Jack C. **SMITH**, Appellee.

No. 17365.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 12, 1973.

Rehearing Denied Feb. 2, 1973.

Vecchio & Vecchio and James S. Vecchio, Arlington, for appellants.

Cantey, Hanger, Gooch, Cravens & Munn, William B. David and Richard L. Griffith, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This appeal is by the plaintiffs from a summary judgment rendered in favor of the defendant in a medical malpractice case.

The plaintiff, Geneva Nichols, and her husband alleged that on June 27, 1966, the defendant Dr. Jack C. Smith, performed an operation upon her for the purpose of repairing a hiatus hernia and that during the course of the operation defendant intentionally and negligently severed her vagus nerve, which nerve controls many of the functions of the stomach. It was alleged that during this operation the defendant was guilty of malpractice and that he committed several acts of negligence which proximately caused damage to her.

This suit was filed on August 5, 1970.

The defendant pleaded that plaintiffs' case was barred by the two year statute of limitations (Art. 5526, Vernon's Ann.Civ. St.).

By supplemental petition the plaintiffs then pleaded, in an effort to get around the statute of limitations, that they did not give defendant consent to sever any part of Mrs. Nichols' vagus nerve, and that they learned for the first time in 1969 the extent of what defendant had done during the operation. Plaintiffs then alleged that because of defendant's fraud in concealing from plaintiffs what he had done during the operation and because of their inability to discover what had occurred during the operation until a time within two years prior to filing of suit, this suit is not barred by the two year statute of limitations.

The plaintiffs contend that by this pleading they effectively pleaded the doctrine of fraudulent concealment.

After depositions were taken, the defendant filed a motion for summary judgment on the ground that plaintiffs' action

is barred by the two year limitation statute, Art. 5526, V.A.C.S.

At the hearing of the motion the trial court granted summary judgment in defendant's favor, decreeing that plaintiff and her husband take nothing by their suit, and this appeal is by plaintiffs from that decree.

A motion for summary judgment by a defendant can properly be based upon a showing that plaintiff's case is barred as a matter of law by an affirmative defense such as limitations. 4 McDonald Texas Civil Practice 135, Sec. 17.26.2, notes 26 and 35, and cases therein cited.

The general rule is that a cause of action for medical malpractice arises at the time the negligent act causing injury, however slight, to plaintiff's person is committed. Coffman v. Hedrick, 437 S.W.2d 60 (Houston (1st Dist.) Tex.Civ.App., 1968, ref., n. r. e.); and Stone v. Morris, 476 S. W.2d 901 (Fort Worth Tex.Civ.App., 1972, no writ hist.). Under the facts alleged here the cause of action accrued at the time the nerve was allegedly severed, which act is alleged to have occurred during the operation. Axcell v. Phillips, 473 S.W.2d 554 (Houston (1st Dist.) Tex.Civ.App., 1971, ref., n. r. e.).

The Supreme Court has in recent years created two exceptions to this general rule. That Court has held that this rule does not apply in instances where a foreign object is sewed up inside a person's body during an operation. In that type case limitations do not begin to run until the plaintiff discovers the presence of the foreign object in his body, or until such time that plaintiff by the exercise of ordinary care and diligence should have discovered the presence of such foreign object. See Gaddis v. Smith, 417 S.W.2d 577 (Tex. Sup., 1967).

The other exception to the general rule has just recently been created in malpractice cases arising from vasectomy operations, the Supreme Court holding that in this type case limitations start to run on the date of the discovery of the true facts concerning the failure of the operation, or from the date it should, in the exercise of ordinary care and diligence, have been discovered. See Hays v. Hall, 488 S.W.2d 412 (Tex.Sup., 1972).

The two year statute of limitations, Art. 5526, V.A.C.S., is the limitation statute that applies to medical malpractice cases. Stone v. Morris, supra; Coffman v. Hedrick, supra; Stewart v. Janes, 393 S.W.2d 428 (Amarillo Tex.Civ.App., 1965, writ ref., 383 U.S. 962, 86 S.Ct. 1233, 16 L.Ed.2d 304; 384 U.S. 923, 86 S.Ct. 1372, 16 L.Ed.2d 444); and Thompson v. Barnard, 142 S. W.2d 238 (Waco Tex.Civ.App., 1940, aff. in 138 Tex. 277, 158 S.W.2d 486).

In her brief the plaintiff expressly states the following: "Plaintiff here does not ask the Court to extend the 'discovery' as set forth in *Gaddis* to the case at bar. The Plaintiffs ask that his Court recognize, and apply the rule of fraudulent concealment, and its effect *when alleged* as against the defense of . . . limitations." (Emphasis ours.)

The plaintiffs urge a single point of error on this appeal. They say they pleaded that defendant had fraudulently concealed from them the fact that he had performed a vagotomy on Mrs. Nichols during the operation, and that defendant had misled them as to the effect of the vagotomy upon Mrs. Nichols' body. Their point of error is that the trial court erred in granting the summary judgment against them because their pleadings just referred to were sufficient to raise a fact issue of fraudulent concealment by the defendant of the existence of their cause of action, which fraudulent concealment, they say, prevented the running of the statute of limitations upon their case. The plaintiffs' position is that their pleadings alone raised the issue of fraudulent concealment and that there was therefore nothing further that they had to do at the summary judgment

hearing by way of offering evidence regardless of the evidence that was presented by the defendant at that hearing.

The contention advanced by their single point of error is the only contention made in their statement and argument under such point. Therefore the scope of the matter presented for review on this appeal is limited to the matter stated in the point of error. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (Tex.Sup., 1943).

We hereby overrule plaintiffs' point of error and affirm the judgment.

■ The rule of fraudulent concealment that is relied on by the plaintiffs is stated as follows: ". . . when a party against whom a cause of action exists in favor of another, by fraud or concealment prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered or might have been discovered by the exercise of diligence . . . ." 37 C.J. 971, Limitations of Actions, Sec. 351. See also 54 C.J.S. Limitations of Actions § 206, p. 219, and 37 T.J.2d 213, Limitation of Actions Sec. 76.

■ The application of the rule of fraudulent concealment is not limited to cases that are founded upon fraud. Owen v. King, 130 Tex. 614, 111 S.W.2d 695 (Tex.Com.App., 1938), 114 A.L.R. 859, and Thompson v. Barnard, supra.

■ Fraudulent concealment does not create a new or a separate cause of action in and of itself. In instances where the doctrine applies its only effect is to estop the guilty party from relying upon limitations as a defense until the time plaintiff either discovers the fraud, or could have discovered it by the exercise of ordinary diligence. See Thompson v. Barnard, 142 S.W.2d 238, affirmed in 138 Tex. 277, 158 S.W.2d 486.

The fraudulent concealment relied upon by the plaintiffs was pleaded by them as a matter in avoidance of the operation of the Statute of Limitations. See 54 C.J.S. Limitations of Actions §§ 375, 376, and 377, pp. 509–512.

■ In order for the doctrine of fraudulent concealment to apply it must be shown that the defendant himself had knowledge of the facts that it is claimed that he fraudulently concealed. This is true because one cannot be guilty of fraudulently concealing facts which he does not know of. 37 C.J. 975, Limitations of Actions, Sec. 357; 54 C.J.S. Limitations of Actions § 206 f(2), p. 225–226; Barnard v. Thompson, 138 Tex. 277, 158 S.W.2d 486 (Tex.Com.App., 1942); and Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (Tex.Com.App., 1942).

On this point see also Brown v. Grinstead, 212 Mo.App. 533, 252 S.W. 973 (1923). The court there held that in the absence of a showing that the defendant doctor knew of the presence of a sponge that was sewed up in plaintiff there could be no fraudulent concealment by defendant of a cause of action for damages for leaving the sponge in plaintiff during an operation.

At the hearing of defendant's motion for summary judgment the undisputed evidence showed that this case was not filed until more than four years after the operation was performed and more than four years after the vagus nerves were allegedly severed by defendant. It was thus established as a matter of law that plaintiff's case was barred by the two year statute of limitations unless, for some reason, the running of the statute of limitations was tolled at least for a part of the period between the time of the operation and the time of the filing of the suit.

■ When the defendant established as a matter of law by evidence at the summary judgment hearing that limitations had run on the plaintiff's case, he became entitled to the summary judgment that was granted him unless the plaintiff came for-

ward at such hearing with legitimate evidence showing at least prima facie the existence of all of the elements of the doctrine of fraudulent concealment that the plaintiff had pleaded affirmatively in avoidance of limitations. Axcell v. Phillips, 473 S.W.2d 554 (Houston (1st Dist.) Tex.Civ.App., 1971, ref., n. r. e.) ; Pierce v. Estate of Haverlah, 428 S.W.2d 422 (Tyler Tex.Civ.App., 1968, ref., n. r. e.) ; Birdwell v. American Bonding Company, 337 S.W. 2d 120 (Fort Worth Tex.Civ.App., 1960, ref., n. r. e. in 81 S.Ct. 1920) ; Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958) ; and Kuper v. Schmidt, 161 Tex. 189, 338 S.W. 2d 948 (1960).

■ All that plaintiffs' pleading of fraudulent concealment did in this case was to outline fraudulent concealment as being one of the issues involved in the case. That pleading did not itself constitute any summary judgment proof. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 at page 543 (Tex. Sup., 1971).

In Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 at page 53 (Tex.Sup., 1970) the court said: "There is one situation where the opponent of a summary judgment motion must come forward himself to raise a fact issue by proof rather than allegation, the movant having presented no proof on the issue, and that is to support the non-movant's own affirmative defense. Gulf, Colorado & Santa Fe Ry. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958)."

In the case of Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (Tex.Sup., 1960), the defendant made almost the identical contention being made by the plaintiffs in this case, and concerning that contention the Supreme Court said at page 951 the following: "Defendants argued in the Court of Civil Appeals that summary judgment for the plaintiff was improper *because they had alleged* conditional delivery. There is no merit in this contention.

When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. . . . If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, *it was incumbent upon them to come forward with 'evidence' sufficient to raise that question.*" (Emphasis ours.)

In this case the only summary judgment evidence that was offered at the hearing consisted of the deposition of the defendant, Dr. Smith, the deposition of Dr. Roger Wayne Moore, who assisted in the operation, the deposition of the plaintiff, Mrs. Nichols, and the affidavit of Mrs. Nichols.

It is undisputed that the operation was performed on June 27, 1966, and that the suit was not filed until August 5, 1970, which was more than four years later.

The evidence showed that the vagus nerve, which controls the functions of the stomach has two branches, which branches are known as the right and left vagus nerves. At the beginning of the operation defendant did not intend that any part of the vagus nerve would be severed in performing the operation to repair the hiatus hernia that plaintiff had, but the doctors both testified that her right vagus nerve was located in such a position with reference to the hernia that the hernia could not be properly repaired without severing this right vagus nerve. Defendant testified that during the operation he therefore did intentionally sever Mrs. Nichols' right vagus nerve and that he did not cut any other part or branch of that nerve. Dr. Moore witnessed the operation and he testified to the same facts. Dr. Moore and Dr. Smith both testified that following the operation they told Mrs. Nichols that her right vagus nerve had been severed during the operation and Mrs. Nichols admitted

that Dr. Smith told her by September 10, 1966, that her right vagus nerve had been severed during the operation.

So by her own admissions any cause of action for malpractice that plaintiffs might have had for severing Mrs. Nichols' right vagus nerve became barred by limitations not later than September 10, 1968, which was two years after she was told that her right vagus nerve had been cut. See 54 C.J.S. Limitations of Actions § 206e, page 223.

The plaintiffs have pitched their case on the theory that there was a complete severance of all the vagus nerves running to the stomach as distinguished from a severance of just the right vagus nerve, and they pleaded that the fact that the vagus nerves to Mrs. Nichols' stomach were all completely severed was fraudulently concealed from them by defendant, Dr. Smith, and that this fraudulent concealment kept limitations from running against their case.

At the summary judgment hearing the plaintiffs offered as evidence Mrs. Nichols' affidavit. The defendant had based his motion on the three depositions referred to and the pleadings on file in the case.

In order to prima facie prove that the issue of fraudulent concealment was in this case the plaintiffs had to prove that during the operation both the right and left vagus nerves had been severed and that defendant knew of this fact and concealed it from plaintiffs and thus concealed from them the fact that they had a cause of action against him for cutting those nerves.

We hold that there is no legitimate evidence in the entire record that has probative force that even tends to show that Mrs. Nichols' entire vagus nerve, including both the right and left branches thereof, had been cut during the operation.

Both doctors in their dispositions admitted that the right vagus nerve was cut, but denied that any other part of such nerve was severed.

The only other testimony relating to this issue was that of Mrs. Nichols. She testified in her deposition that a Dr. Robinson had told her that it appeared to him that all the vagus nerve had been cut. She further testified that a Dr. Rutledge told her that his tests indicated that both vagus nerves were cut. In her affidavit she stated that she had been advised that both vagus nerves were cut.

It is obvious that Mrs. Nichols' testimony as to whether or not both vagus nerves were cut is pure hearsay and has no probative force. It is tantamount to no evidence at all on that point. Blume v. Weaver, 412 S.W.2d 760 (Eastland Tex. Civ.App., 1967, no writ hist.); Griggs Furniture Company v. Bufkin, 348 S.W.2d 867 (Amarillo Tex.Civ.App., 1961, ref., n. r. e.); and 24 T.J.2d 89, Evidence, Sec. 573.

Hearsay evidence cannot be made the basis for either granting or refusing a motion for summary judgment. Youngstown Sheet & Tube Co. v. Penn, 363 S.W. 2d 230 (Tex.Sup., 1962), and Crain v. Davis, 417 S.W.2d 53 (Tex.Sup., 1967).

In Box v. Bates, 162 Tex. 184, 346 S.W. 2d 317, at page 319 (1961) the Court said: " 'In ruling on a motion for summary judgment only admissible testimony having probative force is to be considered.' Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742, 745, err. ref. n. r. e."

To invoke the doctrine of fraudulent concealment, as stated, plaintiffs had to offer evidence that both branches of the vagus nerve were cut by defendant and also that defendant had knowledge of that fact and concealed it from plaintiffs.

The only evidence placed before the trial court at the summary judgment hearing that tended to show that defendant had knowledge that both branches of the vagus nerve had been severed during the operation was contained in Mrs. Nichols' affidavit wherein, after stating that she had been advised that both branches of the

vagus nerve had been severed, she said the following: *"These facts were known by Dr. Smith* but were concealed from me by him . . . ." (Emphasis ours.)

This statement by Mrs. Nichols in her affidavit to the effect that the defendant, Dr. Smith, knew that both branches of the vagus nerve had been severed was a mere conclusion. She made no effort to swear to any facts to support such conclusion or to prove that she really knew what Dr. Smith knew.

The law is that statements contained in affidavits that are offered to either support or resist a motion for summary judgment that are but mere conclusions cannot be considered in passing on such motion. Crain v. Davis, 417 S.W.2d 53 (Tex.Sup., 1967); Judd v. American Home Assurance Co., 297 S.W.2d 284 (Eastland Tex.Civ. App., 1956, no writ hist.); Bliss v. City of Fort Worth, 288 S.W.2d 558 (Fort Worth, Tex.Civ.App., 1956, ref., n. r. e.); Pentecost v. Travelers Ins. Co., 238 S.W.2d 978 (Galveston Tex.Civ.App., 1951, no writ hist.); Jones v. United States Fire Insurance Company, 420 S.W.2d 160 (Amarillo Tex.Civ.App., 1967, ref., n. r. e.); Leach v. Cassity's Estate, 279 S.W.2d 630 (Fort Worth Tex.Civ.App., 1955, ref., n. r. e.); 4 McDonald's Texas Civil Practice, Sec. 17.-26.5, notes 84 and 88 at pages 146 and 147; and Empire Finance Serv. v. Western Preferred L. Ins. Co., 461 S.W.2d 489 (Waco Tex.Civ.App., 1970, writ ref.).

When the rules laid down in the above cited cases relating to the character of evidence that can be considered in passing on summary judgments are applied to the evidence that was placed before the trial court at the summary judgment hearing, there was no legitimate evidence having probative force that either showed or tended to show that defendant cut both branches of Mrs. Nichols' vagus nerve during the operation. The plaintiffs also wholly failed to offer any legitimate evidence tending to show that defendant knew that both branches of this vagus nerve were cut during the operation. Without this knowledge by defendant there could be no fraudulent concealment as alleged by the plaintiffs.

Because of the lack of evidence as referred to above the plaintiffs failed to establish by proof that a fact issue is present in this case on the issue of fraudulent concealment. This the law required them to do under the record made, in order to defeat defendant's motion. The trial court, therefore, properly granted the summary judgment.

It is apparent from the cases we have herein cited that the plaintiffs' single point of error is without merit. The mere fact that the plaintiffs had pleaded the doctrine of fraudulent concealment of their cause of action by defendant in avoidance of the Statute of Limitations did not, as the plaintiffs contend, preclude the granting of a summary judgment for the defendant once defendant had proved at the summary judgment hearing, by the undisputed evidence, that the plaintiffs' case was barred by limitations.

With the record in that state, in order to defeat defendant's motion for summary judgment by showing that there was in the case a fact issue on fraudulent concealment, the plaintiffs had the burden of producing sufficient evidence at the summary judgment hearing to raise that issue.

This they made no serious attempt to do, apparently believing, as they contend in their point of error, that their pleadings alone raised the issue for them, and that they did not need to offer evidence in an attempt to raise the issue.

The judgment is affirmed.