Tom Watson WEAVER, Appellant,

v.

Dr. Raymond WITT, Appellee.

No. 1535.

Court of Civil Appeals of Texas, Houston (14th Dist.)

May 25, 1977.

Rehearing Denied June 15, 1977.

Charles M. Haden, Brown & Haden, Houston, for appellant.

Jay D. Hirsch, Marc A. Sheiness, Hicks, Hirsch, Glover & Cochran, Houston, for appellee.

COULSON, Justice.

This is an appeal from a summary judgment granted in favor of the defendant physician in a medical malpractice suit. Tom Watson Weaver sued Dr. Raymond Witt for injuries he allegedly sustained as a result of a hemorrhoidectomy performed by the defendant on or about February 1, 1971. Plaintiff's original petition was filed on January 16, 1976. Defendant filed an answer asserting the affirmative defense that plaintiff's suit was barred by the statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526(6) (1958). In response to an order sustaining special exceptions, plaintiff filed an amended petition in which he alleged fraudulent concealment as an avoidance of the statute of limitations defense. Defendant filed a motion for summary judgment supported by the affidavit of Dr. Witt that he had not conducted any medical examination or treatment of the plaintiff since January 22, 1973, approximately two years after the surgery was performed and three years before this suit was filed. No summary judgment proof was brought forward by the plaintiff. We affirm the summary judgment granted in favor of defendant.

We consider the facts of this case to be of particular significance to our decision. Therefore, we quote the following allegations from the plaintiff's first amended original petition:

On or about February 1, 1971, Plaintiff underwent treatment at the hands of the Defendant, including a hemorrhoidectomy. The surgery was performed by the Defendant at Caney Valley Hospital, Wharton, Texas. In doing the surgery, Defendant failed to practice the standards of care recognized as acceptable in the Medical Community where he practiced and in so deviating from these standards of care he surgically traumatized the nerves, tissues and musculature of the sphincter muscles technically known as Hyrtl's Sphincter, a band of muscular fibers in the rectum a few inches above the anus. As a consequence, Plaintiff has permanently lost control of his bowels. This necessitates great incapacity and inconvenience, even to the extent Plaintiff must constantly wear diapers to minimize the embarrassment, disablement, harassment, and inconvenience of uncontrollable bowels. Defendant assured Plaintiff that the operation was a success and did not make a frank disclosure concerning the iatrogenic injury performed upon Plaintiff by the Defendant; indeed, Defendant hid this from the Plaintiff. It was not until June, 1975, that Plaintiff learned the true facts concerning the medical negligence suffered by him at the hands of the Defendant which proximately caused his injuries as aforesaid, when Plaintiff's family doctor told him that he had a permanent incurable disability as a result of said medical negligence. It was then, and only then, the Plaintiff realized the consequences of the medical negligence involved in this suit.

■ As a general rule, a cause of action for medical malpractice accrues at the time of the commission of the act causing injury to plaintiff's person. *Nichols v. Smith,* 489 S.W.2d 719, 722 (Tex.Civ.App.—Fort Worth 1973), *aff'd,* 507 S.W.2d 518 (Tex.Sup.1974). Thus, under the facts alleged here, this case would be barred by limitations after February 1, 1973, unless the plaintiff could, for some reason, avoid the operation of the statute. Plaintiff contends that the statute of limitations was tolled until June 1975 for two reasons: (1) the defendant's fraudulent concealment of the true facts of the injury; and (2) the "discovery rule" of *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.Sup.1967). Only fraudulent concealment was alleged in plaintiff's first amended original petition, but we will consider the applicability of both theories. *Cf. Nichols v. Smith,* 507 S.W.2d at 521 (discovery rule not urged in the court of civil appeals).

■ Fraudulent concealment does not create a new or a separate cause of action in and of itself; its only effect is to estop the guilty party from relying upon limitations as a defense until the time plaintiff either discovers the fraud, or could have discovered it by the exercise of ordinary diligence. *Nichols v. Smith,* 489 S.W.2d at 723.

■ Defendant's motion for summary judgment and affidavit in support thereof established as a matter of law that plaintiff's case was barred by the two year statute of limitations unless the statute was tolled for a part of the period between the date of the operation and the date of the filing of the suit. When the defendant established that limitations had run on the plaintiff's case, he became entitled to the summary judgment that was granted him unless the plaintiff came forward at the summary judgment hearing with legitimate evidence showing at least prima facie the existence of all of the elements of the doctrine of fraudulent concealment. *Nichols v. Smith,* 489 S.W.2d at 723–24. As written in the supreme court opinion in *Nichols v. Smith,* 507 S.W.2d at 521:

> Subject to a question as to the applicability of the discovery rule, which is discussed below, the defense of the statute of limitations is established by the record as a matter of law, and petitioners are relying on fraudulent concealment to avoid that defense. It was their burden, therefore, to come forward with proof raising an issue of fact with respect to fraudulent concealment. Since they failed to do so, the allegations of fraudulent concealment do not defeat respondent's right to a summary judgment.

■ Plaintiff's pleading of fraudulent concealment did not constitute any summary judgment proof. *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 543 (Tex. Sup.1971). Therefore, to the extent that plaintiff relies on fraudulent concealment to avoid the statute of limitations, summary judgment for the defendant was proper.

As a preface to our discussion of the discovery rule, we will resolve the issue of which party had the burden to prove the applicability of that rule. Plaintiff contends that having raised the issue of the discovery rule at the summary judgment hearing, the burden was on the defendant to negate the applicability of that rule, and plaintiff cites as authority for that proposition the court of civil appeals decision in *Weaver v. Robinson,* 536 S.W.2d 243, 246 (Tex.Civ.App.—El Paso 1976), *rev'd,* 550 S.W.2d 18 (Tex.Sup.1977).

The El Paso Court of Civil Appeals based its holding in *Weaver v. Robinson* on the Texas Supreme Court decisions in *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.Sup.1975) and *Oram v. General Am. Oil Co. of Texas,* 513 S.W.2d 533, 534 (Tex. Sup.1974). Those cases are distinguishable from *Weaver v. Robinson* and the case presently before this court in that the plaintiffs in the supreme court cases were relying on suspension statutes to resist the affirmative defense of limitations. The Amarillo Court of Civil Appeals has held that the rule in *Zale Corp. v. Rosenbaum* applies only where the nonmovant interposes a suspension statute. *Siegel v. McGavock Drilling Co.,* 530 S.W.2d 894, 897 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.). We agree with the Amarillo court, and we believe that the rule in *Oram v. General Am. Oil of Texas* is also limited to suspension statute cases.

■ In those rare instances where the discovery rule applies, the statute of limitations does not commence to run until the discovery of the true facts concerning the operation, or from the date those facts should, in the exercise of ordinary care and diligence, have been discovered. *Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.Sup.1973). With the exception of the element of fraud on the part of the physician, the discovery rule is essentially the same as the doctrine of fraudulent concealment; i. e., the statute of limitations is tolled because the plaintiff is unable to discover that he has been injured until a considerable time after the operation. As a practical matter, the burden of proof in discovery rule cases must be on the plaintiff because, ordinarily, only the plaintiff could prove the facts necessary to

establish the rule. The defendant physician would have no personal knowledge of when the plaintiff discovered, or should have discovered in the exercise of ordinary care and diligence, the true facts concerning the operation.

 We must, therefore, respectfully disagree with the El Paso court, and we hold that plaintiff had the burden to prove the applicability of the discovery rule if he was to resist the limitations defense. We construe the discovery rule to be a plea in confession and avoidance. As in fraudulent concealment cases, once the defense of limitations is established by the record as a matter of law, it is the plaintiff's burden to come forward with proof raising an issue of fact with respect to the discovery rule. *See Nichols v. Smith,* 507 S.W.2d at 521. Plaintiff having failed to come forward with any competent summary judgment proof concerning the discovery rule, summary judgment for the defendant was proper. *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d at 543.

 Under the facts of this case, we would affirm the judgment of the lower court even if plaintiff had come forward with competent summary judgment proof with respect to the discovery rule. In reversing the civil appeals decision in *Weaver v. Robinson,* the supreme court thoroughly reviewed the discovery rule cases and refused to extend the rule to a case where the alleged malpractice was misdiagnosis of a back ailment. *See Robinson v. Weaver,* 550 S.W.2d 18 (Tex.Sup.1977). The majority of the supreme court apparently wishes to restrict the discovery rule to those cases in which: (1) the plaintiff is unable to know of the negligent act; and (2) the fact of injury and the negligence of the physician can be established by physical evidence.

This plaintiff has failed to meet either of the criteria we believe to be implicit in the *Robinson v. Weaver* decision. First, plaintiff was able to know, and did know, immediately after the operation that he had been injured. Second, plaintiff's condition does not necessarily prove that the defendant was negligent. Expert testimony would be required to establish that the defendant's conduct fell below the standard of care which prevailed in the medical profession at the time and place of the alleged error. Our interpretation of the supreme court decision in *Robinson v. Weaver* requires us to hold that the discovery rule does not apply to this case.

All of plaintiff's points of error have been carefully considered by this court and are overruled.

Judgment affirmed.