## MARLBORO WHOLESALE GROCERY CO. v. BROOKE.

BILL OF LADING—WARRANTY.—A CONTRACT to ship goods and the bill of lading by which they are shipped must be construed together, and the consignee will be presumed to have assented to the provisions of the latter in so far only as was necessary to enable consignor to make delivery of goods, and a bill of lading providing for inspection by consignee, if original contract does not so provide, does not require consignee to inspect, and he may rely on the original contract for quality of goods.

Before PURDY, J., Marlboro, July, 1904.    Affirmed.

Action by Marlboro Wholesale Grocery Co. against Geo. W. Brooke. From Circuit order affirming magistrate judgment, defendant appeals.

*Messrs. Newton & Owens,* for appellant, cite: *Bill of lading indorsed by defendant became title of plaintiff to the hay:* 2 Ency., 1 ed., 240, 243; 21 Ency., 528-30, 507-8, 573; 4 S. C., 387; 6 Cyc., 426; *Eaton* v. *Gilbert,* 34 S. C. *There is no implied warranty in this State in sale on inspection:* 10 Cyc., 136, 135; 2 N. & M., 538; 1 Brev., 269; 2 Bay, 380; 1 Strob., 411; 1 Bail., 181; 2 Bay, 499; 12 Ency., 926-28; 8 Ency., 803-856; 19 Wend., 159; 1 N. & M., 142. *Original agreement was changed by bill of lading:* 9 Cyc., 593-4, 595, 596; 1 Brev., 271; 3 Suth. on Dam., 1952, 1964, 1955; 10 Wall., 383.

*Mr. T. W. Bouchier,* contra, cites: *The plaintiff had right to rely on warranty in contract of sale:* 4 Strob., 181; 3 S. E. R., 776; 28 Ency., 1 ed., 775; 12 S. C., 580; 10 S. E. R., 685; 10 S. E. R., 360; 16 S. E. R., 192; Ben. on Sales, 872, 844; 1 McC., 421; 3 Strob., 64; 10 S. C., 164; 11 Pick., 97. *This warranty was not waived by plaintiff:* 14 Wall., 579; 2 Ency., 1 ed., 223, 224, 228; 28 Ency., 809, 810, 813, 814; 69 N. C., 7; 32 S. E. R., 718; Ben. on Sales, 6 ed., secs. 901, 1354. *And plaintiff can recover damages:* 1 McC., 421; 3 Strob., 64; 10 S. C., 164; 1 N. & McC., 142; 2 N. & McC., 538; 2 Bay, 380; 1 Brev., 269; 1 Rich., 102; 15 S. C., 93; 28 Ency., 1 ed., 761, 762, 776, 777; 2 Ben. on Sales, 6 ed., 806; 78 N. C., 323; 3 O. B., 197.

February 27, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced in a magistrate court for the recovery of damages, by reason of the alleged failure of the defendant to deliver to the plaintiff a certain quality of hay. The defendant agreed to ship the plaintiff five car loads of No. 1 Timothy hay. He shipped

one car load of hay, a part of which the plaintiff claimed was rotten and unfit for use. When the defendant shipped the hay, he sent to the bank at the plaintiff's home, the bill of lading with draft attached, which was paid by the plaintiff without inspection of the hay. The words: "Allow inspection to consignee" were stamped on the bill of lading.

In the elaborate judgment rendered by his Honor, the Circuit Judge, dismissing the defendant's appeal from the magistrate court, he finds as a fact that there is no evidence whatever that the stamping of the foregoing words on the bill of lading was done in pursuance of the original contract, which has no such stipulation, or that the plaintiff afterwards assented to it, unless it be said that he assented to it by taking up the bill of lading and draft for the purpose of getting the hay.

· .This is a law case, and the facts are not reviewable by this Court. We are, therefore, confronted with the question, as one of law, whether the mere fact that the plaintiff paid the draft attached to the bill of lading, imposed upon it the obligation of making inspection of the produce.

The appellant's attorney argues three propositions in regard to this question: 1. That the bill of lading indorsed by the defendant, when delivered to the plaintiff, became, with all its terms, the title of the plaintiff to said hay. 2. That this is what is known in the books as a "sale upon inspection," and that upon such sale, there is no warranty in this State. 3. That the original agreement in this case was discharged by the new agreement created by the delivery of the bill of lading.

It is true, the plaintiff derived its title to the hay through the bill of lading, but it was merely the means used by the defendant for making the delivery of the hay, which was required by the terms of the original contract. The original contract and the bill of lading must be construed together— the former as embodying the agreement between the parties, and the latter as the method by which the defendant under-

took to perform his part of the contract. The bill of lading did not purport upon its face to be a new contract between the plaintiff and the defendant. The plaintiff had nothing to do with the manner in which it was executed, and is presumed to have assented to its provisions in so far only as was necessary to enable the defendant to make delivery of the hay, in accordance with his previous agreement, which did not require inspection. The plaintiff did no act by which the defendant was placed in a more disadvantageous position than he occupied, under the original contract. Furthermore, the words, "allow inspection to consignee," did not require inspection, but only accorded it as a privilege to be exercised at the option of the plaintiff.

These views dispose of the main question presented by the exceptions.

This Court does not deem it necessary to consider the other questions, as they relate to technical errors and defects in the magistrate court, which did not affect the merits. Section 368 of the Code.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.