**QUALITY ACCEPTANCE CORPORA-
TION, a Utah corporation,
Plaintiff,**

v.

**MILLION AND ALBERS, INC., a Wyo-
ming corporation, et al.,
Defendants.**

**Civ. No. 5807.**

United States District Court,
D. Wyoming.

Dec. 5, 1973.

**772**

Robert H. McCrary, Casper, Wyo., and A. L. (Sid) Overton, Englewood, Colo., appearing as attorneys for plaintiff.

J. T. Langdon, Worland, Wyo., appearing as attorney for defendants.

---

### Judge's Memorandum

KERR, District Judge.

The facts in this case are relatively clear and unobscured. Plaintiff is in the leasing business, being a Utah corporation which, since the inception of this suit, has been certified as a foreign corporation to do business in Wyoming. Defendant Million and Albers, Inc., is a Wyoming corporation, the named individuals being associated in the operation of the corporation. On February 1, 1972, the plaintiff, as lessor, entered into what is termed a lease agreement with the defendant Million and Albers,

Inc., as lessee. The lease agreement concerned the leasing of several business machines, i. e., a folder, a collator and a stitcher, all manufactured by Pitney-Bowes, Inc., which is not a party to this action. Plaintiff was not involved in the manufacture, construction, or assembling of these machines.

Under the terms of the lease agreement, defendant corporation agreed to pay to the plaintiff the sum of $227.07 per month for a term of sixty consecutive months, beginning January 27, 1972. Since July 1, 1972, defendants have failed to pay the required monthly payments as set forth in the lease agreement. Defendants have refused and neglected to make payments on the agreement on the grounds that the equipment was defective and that, as a result, plaintiff breached the warranties of merchantability and fitness. Although termed a lease agreement, the agreement provided that title to the equipment would pass to the defendants at the end of the sixty months, all conditions having been complied with, upon payment of a lump sum by defendants. The lease was executed and finalized in Utah when it was signed by plaintiff. The parties agree that Utah and Wyoming have similar provisions in the pertinent portions of the Uniform Commercial Code. See Wyo.Stat. § 34–1–101 (Cum.Supp.1973), et seq., and Utah Code Annot. § 70A–1–101 (Supp.1966), et seq.

On the front page of the lease agreement, at paragraph B–1, in bold capitalized lettering, it is stated, "LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS WITH RESPECT TO SUCH LEASED PROPERTY AND HEREBY DISCLAIMS THE SAME". On the back side under the heading, Terms and Conditions of Lease Agreement, in paragraph 10, is a similarly worded, capitalized disclaimer of any warranty, express or implied. The validity of these disclaimers is the issue for determination. If valid, defendant corporation is liable under the agreement and the named individuals are also

liable as guarantors of the corporation, in the event it failed to pay as agreed. If not valid, defendant raises a good and sufficient defense to this suit for accumulated rental payments. As shown by the following, it is clear that such disclaimers are valid.

■ Plaintiff has raised the issue of whether any warranties arise in any event as this is not a sale as there is no passing of title. See Wyo.Stat. § 34–2–106 (Cum.Supp.1973). Courts and authorities have held that in this day of expanding leasing and rental enterprises, the mere fact that a person leases, rather than purchases, should not deny him the protection the law affords. Baker v. City of Seattle, 79 Wash.2d 198, 484 P.2d 405, 407 (1971); see Bachner v. Pearson, 479 P.2d 319 (Alaska 1970) (law of warranties not limited to sales transactions); Farnsworth, Implied Warranties in Non-Sale Cases, 57 Col.L.Rev. 653 (1957) and cases cited therein. There is no reason why such warranties should not be implied as a matter of law in this case whether it be deemed a lease or bailment agreement, especially as the mercantile probabilities are that the lease will end, or would have, in a purchase by the defendant. See Luker v. Reynolds Metals Co., 244 Ark. 1088, 428 S.W.2d 45 (1968). But see, 1 Land and Water L.Rev. 322 (1966).

■ The warranties of merchantability and of fitness have arisen and have been implied by law on the basis of public policy. Under the Uniform Commercial Code such warranties are implied, unless modified or excluded, as a matter of law. See Wyo.Stat. §§ 34–2–314 and 34–2–315 (Cum.Supp.1973) and similar provisions in Utah law. Thus it must be determined whether the warranties were properly modified or excluded by the lease hereinabove mentioned. Wyoming and Utah §§ 34–2–316 and 70A–2–316 respectively, both have identical language as to the means of disclaiming any warranties of merchantability and of fitness:

"(2) [T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the conclusion must be by a writing and conspicuous . . . .".

The primary objective of this section is to avoid the fine print waiver of rights by the buyer (lessee). Greenspun v. American Adhesives, Inc., 320 F.Supp. 442, 443 (E.D.Pa.1970); 1 Anderson, Uniform Commercial Code, § 2–316:4 at 672 (2d ed. 1970). Such disclaimers are not favored and thus are strictly interpreted. B. F. Goodrich Company v. Hammond, 269 F.2d 501 (10th Cir. 1959). Although they are not viewed favorably, they will be upheld under the proper circumstances, all elements of unconscionability being absent. Smith v. Regina Mfg. Corp., 396 F.2d 826 (4th Cir. 1968). The gravamen of such a disclaimer then is that, as to merchantability, it (1) mention merchantability, and (2) in case of a writing it must be conspicuous; and as to a disclaimer of fitness, it (1) must be in writing, and (2) be conspicuous.

■ The disclaimer here does mention the warranties of merchantability and of fitness, both on the front and back sides of the lease agreement. The provisions, as stated above, are in bold, capitalized lettering. § 34–1–201(10), Wyo.Stat. (Cum.Supp.1973), defines conspicuous as:

"A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: Non-Negotiable Bill Of Lading) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color . . . .".

The test is whether attention can reasonably be expected to be called to the "conspicuous" term or provision. The capitalized disclaimer in the lease ap-

pears not more than two inches, and not more than twelve lines, above the signature of the officer who signed the lease on behalf of the defendant. The disclaimer is capitalized and commences a paragraph. It would seem to adequately draw the lessee's attention to its provisions. See Woodruff v. Clark County Farm Bureau Coop. Ass'n, 286 N.E.2d 188, 198 (Ind.App.1972). The disclaimer is properly or sufficiently worded, conspicuous and thus is in compliance with § 34–2–316 of the Code, supra.

■ See, e. g. Roro-Lith. Ltd. v. F. B. Bartlett and Co., 297 F.2d 497 (1st Cir. 1962). Lending further weight to the theory that defendant has waived these warranties are the facts, established by admission of the defendant, that it first received the machines in December 1970, and that the lease agreement was not signed until December 1971. This would have provided ample time for inspection by defendants. In addition, in November 1971, defendant, through an officer of the corporation, signed an Acceptance Certificate wherein it is stated that ". . . [S]aid property has been examined and/or tested and is in good operating order and condition, and is in all respect satisfactory to the undersigned, . . . ". It appears to be the rule where the lessee of a chattel inspects it before accepting it, there is no implied warranty of fitness for the use he intends to make of it. 1 Anderson, Uniform Commercial Code § 2–314:98 at 598 (2d ed. 1970); 68 A.L.R.2d 850. Although defendant has cited some cases in support of its contentions these cases are clearly distinguishable, as not involving principles which are clearly pertinent herein, see C. I. T. Corporation v. Hetland, 143 N.W.2d 94 (N.Dak.1966); or not involving notice of disclaimer of warranties, see Elliott v. Lachance, 109 N.H. 481, 256 A.2d 153 (1969). Although defendant has attempted to establish certain inconsistent warranties, it has failed to carry this heavy burden. The lease expressly states that no reliance has been made upon any statements by lessor. It has shown no actions by plaintiff that would lead this court to the belief the inconsistent warranties exist. Plaintiff never attempted to repair the defective machines, but only attempted to secure assistance from the manufacturer for defendants' plight. "The burden of proof is on the moving party to show facts giving rise to a warranty . . .". Boehm v. Fox, 473 F. 2d 445, 449 (10th Cir. 1973). This burden has not been met.

■ A contract (lease) embodies the intent of its makers and the court must strive to give effect to that intent, so as to properly enforce the agreement. Barlow v. Makeeff, 74 Wyo. 171, 284 P.2d 1093 (1955). The intent of the parties is clear in the present matter that no warranties, express or implied were intended to exist.

It is evident from a review of the evidence that the disclaimer of warranties is valid and enforceable.

This memorandum sufficiently states the Findings of Fact and Conclusions of Law and no additional Findings or Conclusions are necessary. A judgment will be entered in conformity with this memorandum.