Dorothy Mae ALLEN, Plaintiff,

v.

**ORTHO PHARMACEUTICAL CORP.,**
Defendant.

Civ. A. No. 72–H–844.

United States District Court,
S. D. Texas,
Houston Division.

June 26, 1974.

diversity jurisdiction of this Court under the provisions of 28 U.S.C. § 1332. The action is presently before the Court for consideration of the defendant's motion for summary judgment pursuant to Rules 12(c) and 56, Fed.R.Civ.P.

Defendant asserts that the plaintiff is barred from bringing suit by the two year statute of limitations set forth in article 5526, Vernon's Ann.Tex.Rev.Civ. Stat. In support of her position that the action is timely filed, plaintiff asserts that the limitation period began to run not from the date that the plaintiff became ill, but from an undisclosed date in July, 1970, when plaintiff was informed by her physician that the cause of her illness was in all likelihood the defendant's contraceptive. Alternatively, plaintiff contends that this action is not only brought under a theory of tort law, but is also an action for breach of warranty under contract law. Thus, plaintiff contends that the applicable limitation period is four years pursuant to § 2.725, Tex.Bus. & Comm.Code, V.T. C.A.

### Commencement of a Cause of Action Under Article 5526

A cause of action is deemed to accrue under article 5526 in an action for personal injuries from the date of the act causing the injury, if such act was an unlawful one, or from the date of the injury, if the injury-causing act was legal. *E. g.*, Axcell v. Phillips, 473 S.W.2d 554, 559 (Tex.Civ.App.—Houston [1st] 1971, writ ref. n. r. e.). Generally, liability arises when the act or injury occurs, and the plaintiff's knowledge of the full extent of his injuries is irrelevant. *See* Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93, 98 (Tex.Civ.App.—Amarillo 1971, writ ref. n. r. e.); Robertson v. Texas & N. O. R. Co., 122 S.W.2d 1098, 1100 (Tex.Civ. App.—San Antonio 1938, writ ref.); Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36 (1888).

In limited instances, Texas courts have applied a "discovery" rule.

Larry Watts, Houston, Tex., for plaintiff.

Jerry V. Walker, Fulbright & Jaworski, Houston, Tex., for defendant.

### MEMORANDUM AND OPINION

CARL O. BUE, Jr., District Judge.

In this action, plaintiff is seeking to recover damages for personal injuries resulting from a blood clot that allegedly developed as a result of the plaintiff's use of the defendant's oral contraceptive. Pursuant to the orders of her physician, plaintiff began taking the contraceptive on March 16, 1970. On March 24, 1970, she was hospitalized after becoming violently ill. This suit was filed on June 28, 1972. Plaintiff invokes the

In cases involving recovery of damages for products liability, Texas courts have held that the cause of action accrues, not from the date of purchase of the defective product, but from the date that the buyer discovers or should have discovered the injury. Puretex Lemon Juice v. S. Riekes & Sons of Dallas, Inc., 351 S.W.2d 119 (Tex.Civ.App.—San Antonio 1961, writ ref. n. r. e.).

When fraudulent concealment is found, a cause of action is considered to arise at the time that the plaintiff discovered or could have discovered the basis of his cause of action upon exercising ordinary diligence. Nichols v. Smith, 489 S.W.2d 719, 723 (Tex.Civ. App.—Fort Worth 1973). It must be shown, however, that the defendant who concealed the true facts had actual knowledge of them. Nichols v. Smith, *supra.* The effect of the rule is to estop that party from relying upon limitations as a defense until the time that concealment was or could have been discovered by the plaintiff. Nichols v. Smith, *supra*; Thompson v. Barnard, Tex.Civ.App., 142 S.W.2d 238, aff'd, 138 Tex. 277, 158 S.W. 2d 486 (1942).

Additionally, in some cases involving medical malpractice in which there has been no fraudulent concealment, Texas courts have recognized limited exceptions and applied a "discovery rule", holding that the cause of action accrues not from the date of the negligent act, but from the date that the plaintiff knew or should have known of his cause of action. *See* Hays v. Hall, 488 S.W.2d 412 (Tex.1972); Gaddis v. Smith, 417 S.W.2d 577 (Tex.1967). However, application of the "discovery rule" in medical malpractice cases has been specifically limited to actions involving foreign objects left in the patient's body pursuant to surgery and to actions involving operations to perform a vasectomy. *See* Hays v. Hall, *supra* 488 S.W.2d at 414; Coffman v. Hedrick, 437 S.W.2d 60, 62 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref. n. r. e.);

Gaddis v. Smith, *supra* 417 S.W.2d at 581.

By applying these rules to the case before the Court, it is obvious that this cause of action accrued no later than March 24, 1970, the date of the injury that is the basis for this particular action. Although plaintiff may not have had actual knowledge of the cause of her illness at that time, her symptoms were sufficient to permit her to discover the source if she had acted with reasonable diligence. There is no allegation contained in the pleadings nor any evidence that the plaintiff's doctor or the defendant manufacturer is guilty of fraudulent concealment. Plaintiff has not alleged, nor is it apparent, that her physician knew of the cause of the blood clot and withheld that knowledge. Furthermore, the physician is not a defendant in this action. Because the defendant manufacturer is not charged with any fraudulent acts, it should not be penalized by any such extension of the statute of limitations.

Although it is apparent that Texas courts have begun to relax the strict rule as to the time of accrual of actions in certain types of malpractice cases, this Court does not believe that this particular suit fits such a category and warrants such treatment. Plaintiff's cause of action is premised on products liability, not malpractice. Furthermore, plaintiff was aware immediately that she had been injured, even though she was unaware of the exact nature or extent of that injury. The facts of her illness were sufficient to put her on notice that she had a cause of action. The injury involved was not a type that required the passage of time for an affected party to become aware that an injury had occurred. Thus, even if the "discovery rule", which has been so specifically limited by the State Courts, were applicable to an action involving an injury of the type suffered by Mrs. Allen, the facts of the plaintiff's hospitalization were such that she should have known of the cause of action, thereby activating

the running of the statute of limitations on March 24, 1970.

Because this cause was filed on June 28, 1972, more than two years after plaintiff should have discovered her cause of action on March 24, 1970, it is the conclusion of this Court that the action is barred by article 5526, Tex.Rev. Civ.Stat.Ann.

### The Application of Section 2.725, Texas Business and Commerce Code, to Actions for Personal Injury

Plaintiff asserts that her suit is based upon an alternate theory of recovery for breach of contract as well as upon a theory of negligence or strict liability in tort. In this regard, she urges a cause of action under § 2.715, Tex.Bus. & Comm.Code, which provides that

Consequential damages resulting from the seller's breach include . . .

(2) injury to person or property proximately resulting from any breach of warranty

The applicable statute of limitations, she claims, would be four years under § 2.-725, Tex.Bus. & Comm.Code.

A decision as to whether this action is cognizable under section 2.715 of the Texas Business and Commerce Code is unnecessary at this juncture. Assuming the answer to that question in favor of the plaintiff, it is readily apparent that the defendant is entitled to summary judgment. From a consideration of the stipulated facts filed in this matter, it is clear that no sale existed to make Article 2 of the Texas Business and Commerce Code applicable in this instance. Furthermore, even if the plaintiff did acquire the allegedly defective product by virtue of a transaction that can be construed to be a sale, there is no privity between the plaintiff and the defendant as required in any contract action in the State of Texas.

### The Necessity of a Sale in an Action Pursuant to Article 2

It is axiomatic that, in order for Article 2 of the Texas Business and Commerce Code to apply, it is necessary that a sale form the basis for the cause of action. Section 2.106 provides that:

A "sale" consists in the passing of title from the seller to the buyer for a price.

In this regard, the Code's definition of a sale is not unlike that of prior Texas law. *See* First Nat'l Bank v. Joseph T. Ryerson & Son, Inc., 487 S.W.2d 377, 381 (Tex.Civ.App.—Texarkana, 1972, writ ref. n. r. e.).

Of prime concern in the instant case is the question of whether or not there was a price paid for the allegedly defective product. The Code provides, in section 2.304, that "[t]he price can be made payable in money or otherwise". According to the official comment on this section, "[t]his does not mean . . . that this whole Article applies automatically and in its entirety simply because an agreed transfer of title to goods is not a gift. The basic purposes and reasons of the Article must always be considered."

Undisputed facts indicate that the defendant gave the allegedly defective product to the plaintiff's physician and that there was no payment by the physician to the defendant. Plaintiff alleges that she paid a total fee for the initial consultation with her physician and that the fee was not differentiated with regard to the particular item it compensated. Defendant alleges, however, that because the product was a free sample, no part of the physician's fee could have been applicable as payment. Regardless of the unsettled question of whether the doctor received payment for the product, it is apparent that the defendant did not.

The plaintiff cites McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex. 1967), arguing that, even if the product were a "free sample", the defendant occupied the position of a seller. It must be recognized that *McKisson* is not a case involving the Texas Business and Commerce Code. Rather, that case is limited to the realm of strict tort liabili-

ty that is applicable regardless of the existence of a sale. The Court in *McKisson* did not recognize the existence of a sale, but held that the relationship between the plaintiff and the distributor of the injurious product was sufficient to hold the distributor liable in tort. Accordingly, *McKisson* cannot be construed as authority for the proposition that the Texas Business and Commerce Code is applicable when a free sample is involved.

Plaintiff characterizes the instant case as a " 'transaction in goods' . . . based on the expectation of future profits . . .". Although this may have been defendant's motive for dispensing the samples, this Court does not find that this expectation is sufficient consideration to denominate this transaction as a sale within the definition provided by the Code. It is not apparent that the plaintiff or her physician promised anything to the defendant in exchange for the sample. Any benefit incurred by the defendant was fortuitous only; further, there is no evidence that by accepting the sample, plaintiff incurred any legal detriment. "It is still the law that a voluntary undertaking may render one liable for the consequences of negligent failure to carry out the undertaking, but in most cases of the sort the cause of action is now regarded as based on a tort." 1 Williston on Contracts § 138 at 597 (3d Ed. 1957).

In reaching this result, this Court is well aware of the decisions of certain jurisdictions applying the warranties contained in Article 2 to transactions other than sales, such as contracts involving the lease of property. KLPR TV, Inc. v. Visual Electronics Corp., 327 F.Supp. 315 (W.D.Ark.1971), modified, 465 F.2d 1382 (8th Cir. 1972); Quality Acceptance Corp. v. Million and Albers, Inc., 367 F.Supp. 771 (D.Wyo.1973); *contra* Garfield v. Furniture Fair-Hanover, 113 N.J.Super. 509, 274 A.2d 325 (1971). However, Article 2 of the Texas Business and Commerce Code is designed to be applicable only to a certain type of commercial transaction. While public policy requires that the plaintiff be provided a remedy for damage caused by the actions of the defendant manufacturer, regardless of the circumstances under which she received the drug, this remedy should not be created by ignoring the Code requisite of consideration given in exchange for the warranties sought to be enforced. Accordingly, plaintiff must look to the law of torts with its shorter limitation period to provide her remedy, rather than relying upon the law relative to commercial transactions.

However, even if this Court were to hold that the plaintiff did advance some type of consideration for the product, she has still failed to state a cause of action under the Texas Business and Commerce Code.

### The Necessity of Privity of Contract in an Action Pursuant to Section 2.715

Plaintiff argues that the requirement of privity traditionally applied in actions based upon breach of contract is improper in view of the Texas Supreme Court decision of McKisson v. Sales Affiliates, Inc., *supra*, which, it is contended, controls all actions involving personal injury. Defendant, on the other hand, argues that the *McKisson* decision comes into play only in suits premised upon strict tort liability and thus has no application to an action brought pursuant to section 2.715, which is based solely upon principles of contract law.

The version of the U.C.C. adopted by the Texas legislature is silent on the requisite of privity. Thus, section 2.318 reads:

This chapter does not provide whether . . . the buyer . . . may sue a third party other than the immediate seller for deficiencies in the quality of the goods. These matters are left to the courts for their determination.

One commentator has observed that:

> The language and the legislative history of this section should make it abundantly clear that this Texas Code marks out for common-law development the question of what participants in the market chain are liable to what persons injured through the use of the marketed product.

Ruud, The Texas Legislative History of the Uniform Commercial Code, 44 Tex. L.R. 597, 602 (1966). Accordingly, consideration of prior decisions of Texas courts is appropriate in resolving the question of the requisite of privity.

It is well recognized in Texas that privity is not required when an action is based upon principles of strict tort liability. *See, e. g.*, McKisson v. Sales Affiliates, Inc., *supra* 416 S.W.2d at 789; Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 831–832 (1942). However, Texas courts have traditionally required privity between the parties in an action based upon a contractual theory of liability.[1] *See, e. g.*, Pioneer Hi-Bred International, Inc. v. Talley, 493 S.W.2d 602 (Tex. Civ.App.—Amarillo 1973, no writ); Eli Lilly & Co. v. Casey, 472 S.W.2d 598 (Tex.Civ.App.—Eastland 1971, writ dism'd); Thermal Supply of Texas, Inc. v. Asel, 468 S.W.2d 927 (Tex.Civ.App. —Austin 1971, no writ). The Supreme Court of Texas has distinguished causes of action in warranty premised upon strict tort liability from those based upon a contractual theory.

> Where there is privity of contract and there is a breach of warranty, either expressed or implied, liability can be sustained thereon, as in the case of the sale of commodities other than food. (Authority omitted) The fact, however, that liability may be sus-

tained in some cases because of a breach of a contractual warranty does not argue against the sustaining of liability on the ground herein adhered to—warranty imposed by law as a matter of public policy. The two remedies may coexist, and liability may be sustained under either one of them that is available.

Jacob E. Decker & Sons, Inc. v. Capps, *supra* 164 S.W.2d at 832.

It is thus apparent that *McKisson*, which concerns strict tort liability, is inapplicable to actions based upon a contractual theory of breach of warranty. Accordingly, inasmuch as the Texas Business and Commerce Code is a statutory enactment of contract law pertaining to sales, the Court finds that *McKisson* does not apply to an action premised upon the Code's provisions, regardless of whether personal injury is involved. The elements of a cause of action should depend upon the theory of law on which the cause rests, not the type of injury that the cause is destined to redress.

By requiring privity in this instance, the Court's decision is in accord with that of other jurisdictions that have required privity in actions pursuant to section 2.715 involving personal injury. *See* Whitaker v. Harvell-Kilgore Corp., 418 F.2d 1010 (5th Cir. 1969); Anderson v. Fairchild Hiller Corp., 358 F. Supp. 976 (D.Alaska 1973); Maynard v. General Electric Co., 350 F.Supp. 949 (S.D.W.Va.1972), aff'd on other grounds, 486 F.2d 538 (4th Cir. 1973); Withers v. Sterling Drug, Inc., 319 F.Supp. 878 (S.D.Indiana 1970); Handy v. Uniroyal, Inc., 327 F.Supp. 596 (D.Del.1971); Pugh v. J. C. Whitney & Co., 9 U.C.C.Rep. 229 (E.D.N.Y.1971); Redfield v. Mead, Johnson & Co., 512 P.2d 776 (Or.Sup.

---

1. In view of more recent decisions holding to the contrary and the express language in *McKisson* limiting that decision to a tort theory of recovery, McKisson v. Sales Affiliates, Inc., *supra* 416 S.W.2d at 789, the Court does not find that the holding in Ford

Motor Co. v. Lemieux, 418 S.W.2d 909 (Tex.Civ.App.—Beaumont 1967, no writ) that privity is no longer required in any action premised upon the breach of an express or implied warranty is supported by Texas law.

Ct.1973); Hargrove v. Newsome, 225 Tenn. 462, 470 S.E.2d 348 (1971). The Court is aware that the law of some states has abolished the requirement of privity for all actions involving personal injury, regardless of whether the cause of action is brought on a tort or contract theory. *See* Anderson v. Watling Ladder Co., 472 F.2d 576 (6th Cir. 1973). However, in the absence of persuasive authority emanating from the legislature or the state courts of Texas according special treatment to all actions for personal injury, this Court is compelled to hold that privity is still required in actions premised upon section 2.715.

The Court is also cognizant of the public policy reasons behind the development of an action based upon strict liability to protect injured consumers. However, when an injured plaintiff sees fit not to partake of the benefits of that action and instead seeks redress under a different theory of law, he cannot savor the best of both worlds. Consequently, a plaintiff who selects the longer statute of limitations provided by the Texas Business and Commerce Code cannot be heard to complain of the concurrent requirement of privity traditionally associated with actions premised upon the breach of contractual warranties.

From a consideration of the facts in the present case, it does not appear that the plaintiff and the defendant manufacturer had any direct dealings. Both parties have stipulated that the plaintiff received the allegedly defective product from her physician without paying to him a specific sum. Defendant contends, and plaintiff does not dispute, that plaintiff's physician received the product as a free sample from the defendant. It is thus apparent that the plaintiff did not obtain the contraceptive directly from the defendant. That being so, no privity exists between the parties.

In view of the preceding opinion, defendant's motion for summary judgment should be and hereby is granted.