Marilyn ROBERTS, Plaintiff,

v.

GENERAL DYNAMICS, CONVAIR CORPORATION, Defendant.

Civ. A. No. 76–H–1092.

United States District Court,
S. D. Texas,
Houston Division.

Jan. 14, 1977.

---

Donald E. Kilpatrick, Houston, Tex., for plaintiff.

William L. Maynard, Fulbright & Jaworski, Houston, Tex., for defendant.

SINGLETON, District Judge.

*Memorandum and Order:*

Plaintiff originally filed this suit on October 20, 1975, in the 133rd Judicial District Court of Harris County, seeking recovery for personal injuries incurred on October 18, 1973. Defendant was not served with citation until June 2, 1976. In late June, 1976, defendant removed the suit to this court on the basis of diversity of citizenship.

Plaintiff alleges that her hearing was impaired when a pressurization failure occurred in the Convair 600 airplane in which she was traveling. She argues for recovery for her personal injuries under both a negligence and an implied warranty theory. Defendant maintains that neither theory is viable and has moved for summary judgment. Defendant asserts that plaintiff's negligence claims are barred by Tex.Rev. Civ.Stat.Ann. art. 5526 (1958), since plaintiff both failed to bring suit within the applicable two-year limitations period and failed to exercise "due diligence" in serving defendant with process. Defendant further asserts that plaintiff's implied warranty claim may not be maintained because of the absence of privity between plaintiff and defendant.

Plaintiff attempts to avoid the bar of the two-year period allowed by article 5526 by computing the limitations period in accordance with Fed.R.Civ.P. 6(a) and Tex.R. Civ.P. 4. She points to a provision common to both rules:

The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Since the two-year statutory period expired on October 18, 1975, a Saturday, she claims the benefit of that rule of computation to obtain a two-day extension of the limitations period to Monday, October 20, 1975, the day on which she filed suit.

As defendant states, the Texas Supreme Court considered and rejected a similar argument. In *Kirkpatrick v. Hurst,* 484 S.W.2d 587 (Tex.1972), the court stated unequivocally:

We disagree with the holding of the court of civil appeals that Rule 4 of the Texas Rules of Civil Procedure extended the statutory limitation period by one day, i.

e., until January 2, 1970, by reason of the fact that January 1, 1970, was a legal holiday. Article 5526 does not provide that its time period of two years shall be exclusive of legal holidays otherwise prescribed by statute, and Rule 4 may not be given the effect of thus enlarging art. 5526. *Id.* at 589.

It is clear then that plaintiff's negligence claims would be time barred if this suit were still pending in the Texas courts. The federal courts, on the other hand, have on occasion used Federal Rule 6 to extend time periods provided by federal statute, explaining that the rule does not work any real change in the statute but merely provides a method of computing time. *See, e. g., Wilson v. Southern Ry. Co.,* 147 F.2d 165 (5th Cir. 1945).

The applicability of Federal Rule 6 to a state statute of limitations like article 5526 is unclear. Although *Guaranty Trust Company v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), and *Ragan v: Merchants Transfer & Warehouse Company,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), indicate that state practice must be followed, the more recent holding in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), makes that result less certain. *See* 4 Wright & Miller, Federal Practice and Procedure: Civil § 1164 (1969). As far as this court can determine, no court has addressed the applicability of Rule 6 to a state limitations period since the addition of *Hanna* to the line of cases headed by *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although the question is an interesting one, this court need not resolve it at this juncture.

■ Assuming that plaintiff may invoke the benefit of Federal Rule 6, thereby surmounting the initial barrier presented by article 5526, a further hurdle remains. Article 5526 provides· that a cause of action must be commenced and *prosecuted* within two years of its accrual. The established rule in Texas is that a plaintiff must continuously exercise due diligence in procuring the issuance and service of citation. *Rigo*

*Manufacturing Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970); *Williams v. Houston-Citizens Bank & Trust Co.,* 531 S.W.2d 434, 435 (Tex.Civ.App.—Houston [14th Dist.] 1976, *writ ref'd n. r. e.*). Citation ·was not served in this case until June 2, 1976, over seven months after the expiration of the statute of limitations. Plaintiff does not allege that she made previous efforts to obtain service of citation or that defendant was difficult to locate. The court concludes that plaintiff failed to exercise the due diligence necessary under Texas law to toll the running of article 5526, and that any claims she presents premised upon defendant's negligence are therefore barred.

The question remaining for disposition is whether plaintiff may maintain the portion of her action which complains of the breach of an implied warranty under Tex.Bus. & Comm.Code § 2.715 (1968). This court recently held that actions to recover for personal injuries based upon breach of implied warranty are governed by the four-year statute of limitations in Tex.Bus. & Comm.Code Ann. § 2.725 (1968), and that the statute in such cases runs from the date of injury. *Morton v. Texas Welding & Manufacturing Co.,* 408 F.Supp. 7 (S.D.Tex. 1976). Plaintiff is well within that limitations period.

Defendant argues, however, that privity is a requisite for the maintenance of an action for breach of implied warranty. Since plaintiff cannot meet that requirement, defendant concludes that she is precluded from invoking the four-year limitations period in section 2.725. Defendant relies on *Allen v. Ortho Pharmaceutical Corp.,* 387 F.Supp. 364 (S.D.Tex.1974) to support the assertion that privity is necessary.

An examination of Texas law provides no certain answer. When the Texas legislature enacted the Uniform Commercial Code, it declined to address the privity issue, preferring to leave its resolution to the courts. Section 2.318 of the Texas Business and Commerce Code provides:

This chapter does not provide whether anyone other than a buyer may take ad-

vantage of an express or implied warranty of quality made to the buyer or whether the buyer or anyone entitled to take advantage of a warranty made to the buyer may sue a third party other than the immediate seller for deficiencies in the quality of the goods. These matters are left to the courts for their determination.

This court has no authoritative court decision for guidance, as the Texas Supreme Court has yet to rule on the necessity for privity in a breach of implied warranty action under the Code.

Upon considering the resolution of similar questions by the Texas courts, however, this court is confident that the Texas Supreme Court would follow the trend of earlier decisions and abandon the privity requirement in personal injury cases brought under section 2.715 of the Code. This court is therefore constrained to disagree with the conclusion reached in *Allen, supra.*

In the landmark case of *Jacob E. Decker & Sons, Inc. v. Capps,* 139 Tex. 609, 164 S.W.2d 828 (1942), the Texas Supreme Court held the manufacturer of a food product liable to an injured ultimate consumer despite the absence of a direct contractual relationship. The court emphasized that the concept of warranty is variable, grounded as soundly in public policy as in traditional contractual relationships:

> The fact . . . that liability may be sustained in some cases because of a breach of a contractual warranty does not argue against the sustaining of liability on the ground herein adhered to—warranty imposed by law as a matter of public policy. The two remedies may co-exist, and liability may be sustained under either one of them that is available. 164 S.W.2d at 832.

The Texas Supreme Court subsequently extended the *Decker* rule to apply in all actions based upon strict tort liability in *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967). In assessing the impact of these two cases, the Fifth Circuit drew the following conclusion:

The sum of the situation is that privity of contract is no longer necessary for maintenance in Texas of an action on implied warranty by a user against a manufacturer. *Olsen v. Royal Metals Corporation,* 392 F.2d 116, 118 (5th Cir. 1968). This conclusion is equally valid under the implied warranty provision of the Texas Business & Commerce Code. To waive the privity requirement in a personal injury case where the warranty arises in "tort" while retaining it where the warranty arises in "contract" is to perpetuate a formalistic distinction at the expense of the public policy considerations repeatedly emphasized by the Texas Supreme Court. The Texas cases decided under the Code that have held privity still necessary have involved not personal but purely economic injury. *See, e. g., Pioneer Hi-Bred International v. Talley,* 493 S.W.2d 602 (Tex.Civ. App.—Amarillo 1973, *no writ*); *Eli Lilly & Co. v. Casey,* 472 S.W.2d 598 (Tex.Civ.App. —Eastland 1971, *writ dism'd*); *Thermal Supply of Texas, Inc. v. Asel,* 468 S.W.2d 927 (Tex.Civ.App.—Austin 1971, *no writ*).

This court therefore holds that plaintiff's complaint does state a claim under the implied warranty provisions of the Texas Business & Commerce Code, and that plaintiff may avail herself of the four-year statute of limitations provided in section 2.725.

Accordingly, defendant's motion for summary judgment is GRANTED only as to plaintiff's negligence claims. The motion for summary judgment is DENIED as to plaintiff's claim of breach of an implied warranty.